# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Agreement is made between Plaintiff, James Fialkowski ("Fialkowski"), and McCullough Pharmacy, Inc, ("McCullough") and MC5, Inc. ("MC5").

WHEREAS, Fialkowski was employed by MC5, Inc. until August 2012.

WHEREAS, Fialkowski has since filed claims against McCullough Pharmacy, Inc., alleging that McCullough did not pay him overtime wages he was owed and/or otherwise failed to comply with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., Wis. Stat § 103.03, Wis. Stat §109.03 and Wisconsin Administrative Code § DWD 274.03, which lawsuit is pending in the United States District Court for the Eastern District of Wisconsin and is styled James Fialkowski v. McCullough Pharmacy, Inc., Case No. 12-cv-963 (the "Lawsuit"); and

WHEREAS, although McCullough did not employ Fialkowski and Fialkowski did not name MC5 in the Lawsuit, the parties nevertheless agree that McCullough and MC5 are proper parties to this Agreement and will be collectively referred to herein as "Defendants"; and

WHEREAS, Defendants deny they failed to pay Fialkowski statutory overtime; deny that they have otherwise violated the FLSA or Wisconsin law; and deny that they committed any act or conduct toward Fialkowski that would entitle him to any damages relating to his employment with or separation from MC5; and

WHEREAS, there are bona fide disputes as to the facts and law regarding Fialkowski's claims including, but not necessarily limited to, whether he was properly classified as exempt from overtime and/or minimum wage requirements, whether he worked the overtime hours claimed, whether his claims are barred in whole or part by the applicable statutes of limitations and whether he would be entitled to liquidated damages or penalties even if he could recover on his underlying FLSA or Wisconsin law claims; and

WHEREAS, it is the desire of the parties to resolve these matters without the time, expense and uncertainty of further litigation and to avoid further proceedings with respect to these matters or any other claims Fialkowski may have against Defendants and to finally, fully and completely settle them in their entirety;

NOW, THEREFORE, the parties agree to finally, fully and completely settle these matters as follows:

1. Defendants specifically deny they failed to pay any statutory overtime owed to Fialkowski or that they otherwise violated the FLSA or Wisconsin law, and neither through Defendants entering into this Agreement nor by any actions they take toward compliance with its terms constitutes an admission that they (or the Released Entities as defined below) have done so with regard to Fialkowski or any other employee or that they have committed any act that would entitle him or any other employee to any damages whatsoever, nor does Defendants' entering into this Agreement constitute a waiver of any defenses as to those matters within the scope of the release in this Agreement.

2. This Agreement shall not be construed to render Fialkowski a "prevailing party" within the meaning of the FLSA or Wisconsin law or any other statute providing for allowance of attorneys' fees and/or costs, nor shall it be deemed to constitute a factor supporting the award of attorneys' fees and/or costs under such statutes.

3. In exchange for Fialkowski's promises in paragraph 4, and for such other consideration as provided in this Agreement, following execution of this Agreement and its return to Defendants, Fialkowski's counsel providing Defendants with a completed W9 and the Court's order approving this settlement and entry of an order dismissing the Lawsuit in its entirety and with prejudice without costs, and following the expiration of the revocation period under this Agreement, Defendants agree:

    A. To pay to Fialkowski via his counsel the total gross amount of Twenty-Four Thousand Five Hundred Thirteen and 00/100 Dollars ($24,513.00), which amount shall be paid in three checks as follows: (1) one check payable to Fialkowski in the amount of Seven Thousand Nine Hundred and Sixty Six and 00/100 Dollars ($7,966.00), less applicable employment withholdings and deductions, which shall be attributed to Fialkowski's claims for unpaid overtime and other wages and shall be reported on IRS Form W-2; (2) one check payable to Fialkowski in the amount of Seven Thousand Nine Hundred and Sixty Six and 00/100 Dollars ($7,966.00), which shall be attributed to Fialkowski's claims for liquidated damages and/or penalties and reported as "Other Income" on IRS Form 1099-MISC; and (3) one check payable to Hawks Quindel, S.C., in the amount of Eight Thousand Five Hundred and Eighty One and 0/100 Dollars ($8,581.00), which sum shall be attributed to Fialkowski's attorneys' fees and costs and shall be reported as "Other Income" to both Fialkowski and Hawks Quindel, S.C. on IRS Form 1099-MISC. Fialkowski agrees to indemnify, defend and hold Defendants harmless from any taxes, penalties, interest, liens, costs or subrogations imposed and/or found and determined to be owing by any court or state or federal government agency as a result of receipt of the second of the three payments referenced herein. Full payment shall be made during the week of January 7, 2013.

4. In exchange for Defendants' promises in paragraph 3 of this Agreement, and for such other consideration as provided in this Agreement, Fialkowski:

    A. On behalf of himself, his heirs and assigns, agrees to release McCullough Pharmacy, Inc. and MC5, Inc., and its and their parents, affiliates, subsidiaries and related entities, and all of its and their officers, directors, agents, employees, attorneys, successors and assigns (hereinafter referred to as "The Released Entities") from (and agrees not to sue for) any and all claims, demands, damages or causes of action whatsoever which Fialkowski has, had, now may have or might have been able to assert or claim, based on any act, omission or conduct of any kind on the part of The Released Entities from the inception of the relationship between Fialkowski and Defendants up to the date this Agreement is fully executed by all parties, including without limitation, any claims for violations of the FLSA; Wis. Stat § 103.03, Wis. Stat §109.03, Wisconsin Administrative Code § DWD 274.03 and any related Wisconsin wage and hour laws or regulations; discrimination or retaliation in employment or attorney's fees under applicable federal, state or local laws or regulations including without limitation any claim under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act, 29 U.S.C. §

621 et seq.; the Americans with Disabilities Act of 1990 ("ADEA"), as amended, 29 U.S.C. § 12101 et seq.; the Civil Rights Act of 1991; the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq. (arising from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from such alleged failure); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; or any other law relating to employment matters or prohibiting employment discrimination; breach of express or implied contract, failure to pay wages, benefits, severance, or any compensation of any sort, wrongful or unlawful discharge, defamation, or any tort, common law or statutory claims in any way arising directly or indirectly out of Fialkowski's employment with and separation from his employment with Defendants, or his relationship with The Released Entities, whether such claims are known or unknown at the time Fialkowski signs this Agreement, except that nothing in this subparagraph or Agreement shall constitute a waiver of claims that may arise after the date it is signed by Fialkowski or of claims that cannot be released or waived by law;

    B.    Acknowledges that the total amount provided in subparagraph 3.A above is a compromise settlement payment for wages (including but not limited to overtime payments), expenses, costs, attorney's fees (which claims Fialkowski and his attorneys waive under this Agreement), compensatory damages, punitive damages, liquidated damages, penalties and any and all damages alleged to have been sustained by Fialkowski including, but not limited to, damages for alleged emotional and physical injuries and future damages allegedly arising from the alleged continuation of the effects of any past action, omission, or event, and for waiver of Fialkowski's present and future employment or reinstatement rights. Any taxes due on the payment provided in subparagraph 3.A to Fialkowski's attorneys shall be the responsibility of Fialkowski and his attorneys and will not provide a basis to set aside or in any way alter this Agreement. It is further understood that none of the total amount payable under subparagraph 3.A shall be taken into account as compensation under any of Defendants' welfare, pension, profit sharing, or similar program that bases benefits in whole or in part on compensation received from Defendants;

    C.    Represents that he has not filed and does not have any pending claim, charge or lawsuit against any of The Released Entities other than the Lawsuit, and nevertheless agrees to immediately request approval of this settlement agreement and dismissal with prejudice and without costs of any and all charges or complaints he has filed with any state or federal court or agency against any of The Released Entities, including but not limited to James Fialkowski v. McCullough Pharmacy, Inc., Case No. 12-cv-963, and agrees that he will sign and/or authorize his attorneys to sign any and all other documents necessary to accomplish such dismissals and request for dismissal of the Lawsuit in its entirety and with prejudice;

    D.    Agrees that he will not, except as specifically noted in this subparagraph, make known the negotiations leading to and contents or terms of this Agreement (meaning that such information may not be published, displayed, discussed, disclosed, revealed or characterized, directly or indirectly, in any way to anyone) except to his spouse, counsel or tax advisor or except as required by law or as may be necessary in order to enforce this Agreement, and agrees that if disclosure is made to his spouse, counsel or tax advisor, any breach of this provision by said individual will constitute a breach by Fialkowski;

-3-

E. Agrees not to disparage the Released Entities or their services, products or practices, including but not limited to their personnel policies, and Fialkowski agrees to direct all reference requests to Bob McCullough who will respond to such requests by providing only neutral reference information (e.g., job title(s), dates of employment, compensation rate, etc.); and

F. Agrees to never to apply for employment with, otherwise work for, or provide services to The Released Entities, directly or indirectly through another entity, including but not limited to a temporary employment agency or independent contractor.

5. Fialkowski acknowledges that:

A. He has read this Agreement and understands its contents and agrees to its terms and conditions freely and voluntarily;

B. He has made an independent investigation of the facts and does not rely on any statements or representations by The Released Entities other than those explicitly set forth herein;

C. He is hereby being advised in writing to and has consulted with his attorney(s) at Hawks Quindel, S.C., before signing this Agreement;

D. He understands that he has twenty-one (21) days following receipt of this Agreement to decide whether to execute it;

E. He understands that he may within seven (7) days following the date he executes this Agreement, cancel and terminate it by giving written notice of his intention to revoke to Defendants' counsel (TIME IS OF THE ESSENCE WITH REGARD TO THIS SUBPARAGRAPH.);

F. He understands that this Agreement includes a final general release, including a release of any claim of age discrimination or other rights under the Age Discrimination in Employment Act, and that he can make no further claims against The Released Entities having any connection with the events covered in this Agreement and through the date he signs this Agreement (including but not limited to claims for additional compensation or wages as Fialkowski represents that this settlement fully compensates him for all hours worked for The Released Entities);

G. He wants no further claims against The Released Entities.

6. Fialkowski understands and agrees that he must immediately return any amounts paid to him under this Agreement to Defendants if the Lawsuit is reinstated or continues following payment and any breach by either party of the covenants in this Agreement shall entitle the non-breaching party to bring an action for failure to comply with the terms of this Agreement and that, upon prevailing in such action, the non-breaching party should be entitled to both remedies at law and in equity in order to obtain complete relief, including but not limited to its attorney's fees and costs, except that this paragraph shall not apply to a challenge by

-4-

Fialkowski to the validity of his release of claims under the Age Discrimination in Employment Act.

7. Nothing in this agreement shall be construed to limit, impede or impair the right of any party to communicate with government agencies regarding matters that are within the jurisdiction of such agencies. Further, nothing in this Agreement is intended to prevent Fialkowski from filing or participating in a charge with any administrative agency such as the Equal Employment Opportunity Commission; provided, however, that Fialkowski waives the right to recover any damages or other personal relief based on any claim, cause of action, demand or lawsuit (that is, an action filed in a court) based on the claims released in Paragraph 4 brought by Fialkowski or on Fialkowski's behalf by any third party.

8. Should any portion of this Agreement be held invalid or unenforceable, such holding shall not affect the validity of the remainder of this Agreement.

9. This Agreement constitutes the complete understanding between The Released Entities and Fialkowski. No other promises or agreements shall be binding unless in a writing signed by these parties.

11/30/2012
DATE

_James Fialkowski_ (signature)
James Fialkowski

HAWKS QUINDEL, S.C.

11/30/2012
DATE

_(signature)_
Attorney David C. Zoeller

MCCULLOUGH PHARMACY, INC.

12/3/12
DATE

By: _Robert T. McCullough_
Title: _Secretary_

MC5, INC.

12/3/12
DATE

By: _Robert T. McCullough_
Title: _President_

-5-